IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 25, 2025, Plaintiff submitted a FOIA request to the Federal Bureau of Investigations (FBI), a component of Defendant, seeking access to records and communications about the following:

> FBI records, documents, communications, reports, images, audio, video, data, and any other record—regardless of format—relating to Zulkifli bin Hir (also known as Marwan, born in 1966 in Muar, Johor, Malaysia) and his killing during Oplan Exodus conducted on 25 January 2015 in Mamasapano, Maguindanao, Philippines.
>
> 1) Records and communications about the collection, receipt, custody, analysis, and chain-of-custody of the severed left index finger alleged to belong to Zulkifli bin Hir, delivered to FBI agents in General Santos City, Philippines, between January 23, 2015, and January 29, 2015.
> 2) Records and communications about the DNA comparison between the severed finger and a known DNA sample from Marwan's brother, Rahmat Andhir, including lab notes, chain-of-custody logs, reports, and conclusions dated on or about February 5, 2015, between January 25, 2015, and June 1, 2015.
> 3) Communications of FBI personnel (internal and external) about the chain-of-custody, DNA verification, photographic identification, or forensic analysis of Zulkifli bin Hir a.k.a. "Marwan," between January 1, 2015, and June 1, 2015.
>    - Philippine National Police (PNP) — domain: @pnp.gov.ph
>    - Department of the Interior and Local Government (DILG) — domain: @dilg.gov.ph
>    - Armed Forces of the Philippines (AFP) — domain: @afp.mil.ph
>    - Philippine Department of Justice (DOJ) — domain: @doj.gov.ph
>    - National Bureau of Investigation (NBI) — domain: @nbi.gov.ph
>    - U.S. Embassy in the Philippines — domains: @usembassy.gov, @usembassy.ph, @state.gov

- U.S. Department of Justice / Office of International Affairs (DOJ-OIA) — domain: @usdoj.gov
- Federal Bureau of Investigation (FBI) — domain: @fbi.gov
- U.S. Department of Defense / U.S. Military / Joint Task Force personnel — domains:
    - @pacom.mil (U.S. Pacific Command)
    - @indopacom.mil (INDOPACOM successor)
    - @socpac.socom.mil (Special Operations Command Pacific)
    - @socom.mil (U.S. Special Operations Command)
    - @jsotf-p.mil (Joint Special Operations Task Force–Philippines)
    - @army.mil (U.S. Military Defense Attaché and support staff)

4) Photographs of Marwan's body and any associated identification or analysis documentation related to the photograph. Please provide records from January 25, 2015, to June 1, 2015.

The request was submitted via the FBI's eFOIAPA system.

6. By letter dated May 13, 2025, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIPA Request No. 1666591-000.

7. Plaintiff has received no further communication from the FBI.

8. As of the date of this Complaint, the FBI, a component of Defendant, has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by May 23, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 26, 2025
                                       Respectfully submitted,

                                       */s/ Paul J. Orfanedes*
                                       Paul J. Orfanedes
                                       D.C. Bar No. 429716
                                       JUDICIAL WATCH, INC.
                                       425 Third Street SW, Suite 800
                                       Washington, DC 20024
                                       Tel:    (202) 646-5172
                                       Email: porfanedes@judicialwatch.org

                                       *Counsel for Plaintiff*